UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEVE CARLSON; TARA CARLSON; and KAREN PEARSON,

        Plaintiffs,

   v.

MONACO COACH CORPORATION,

        Defendant.
_____/

NO. CIV. S-05-181 LKK/GGH

O R D E R

    Plaintiffs have filed a motion for summary judgment seeking to resolve all four causes of action in this case. Defendants filed an opposition and a cross-motion for partial summary judgment on the first and second causes of action (those under the Song-Beverly Consumer Warranty Act). Defendants also ask the court to continue the hearing regarding this motion to a later date in order to allow for additional discovery necessary to gain facts to support their opposition as well as to help formulate their affirmative defenses.

1

1     Rule 56(f) of the Federal Rules of Civil Procedure allows a
2 party to avoid summary judgment where affidavits are not available
3 which are necessary to support a party's opposition to the motion
4 for summary judgment.  Fed. R. Civ. P. 56(f).  Rule 56(f) motions
5 are to be granted freely where the party requesting additional time
6 has complied with the Rule's requirements.  <u>Burlington Northern</u>
7 <u>Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck</u>
8 <u>Reservation</u>, 323 F.3d 767, 773-774 (9th Cir. 2003); <u>Metabolife</u>
9 <u>Int'l, Inc. v. Wornick</u>, 264 F.3d 832, 846 (9th Cir. 2001).  In
10 order to be successful on a 56(f) motion, the party must show (1)
11 that they have set forth in affidavit form the specific facts that
12 they hope to elicit from further discovery, (2) that the facts
13 sought exist, and (3) that these sought-after facts are "essential"
14 to resist the summary judgment motion.  <u>State of Cal., on Behalf</u>
15 <u>of California Dept. of Toxic Substances Control v. Campbell</u>, 138
16 F.3d 772, 779 (9th Cir. 1998); <u>see also</u> <u>VISA Intern. Service Ass'n</u>
17 <u>v. Bankcard Holders of America</u>, 784 F.2d 1472, 1475 (9th Cir. 1986)
18 ("[D]enial of a Rule 56(f) application is generally disfavored
19 where the party opposing summary judgment makes (a) a timely
20 application which (b) specifically identifies (c) relevant
21 information, (d) where there is some basis for believing that the
22 information sought actually exists.").
23     Defendants have submitted a declaration by William F. Wraith
24 (attorney for defendants) which sets out the following areas in
25 which they hope to gather information if further discovery is
26 granted: information on plaintiffs' use of the Motor Home for

purposes of determining the applicability of Song-Beverly; and information on the involvement of the retail dealer's sales regarding plaintiffs' registration. Wraith Dec. at ¶¶ 8-9. The separate statement of disputed facts further refers to the Wraith declaration in disputing questions such as whether the vehicle was purchased for personal use only, whether the dealer submitted the required documents to the California Department of Motor Vehicles, where the vehicle was registered, etc. Defs.' Sep. Stmt. at 4-7.

The declaration of Wraith indicates that he "intends to use the additional time to analyze Plaintiffs' discovery responses to Special Interrogatories and Requests for Production" which were propounded on August 26, 2005 (ten days after the motion for summary judgment was filed by plaintiffs). The declaration says that the depositions "will gain information" on the plaintiffs' use of the Motor Home, but does not specifically say whether the information they seek on the registration, etc. exists (although the court cannot think of any reason why the registration and/or other documentary proof would not exist).

The opposition and cross-motion argues that the additional time for discovery will enable defendants to further develop their affirmative defenses which plaintiffs seek to have stricken. They argue that they have a right to raise all possible affirmative defenses and go on to note that their third affirmative defense, which alleges that unreasonable conduct by plaintiff reduces defendants liability, is a valid affirmative defense. It does appear that defendants would need to conduct depositions of the

1 plaintiffs in order to determine whether they did indeed
2 unreasonably use the motor home amongst other things.
3    Pursuant to the Status Order issued on May 19, 2005,
4 discovery is set to be completed by December 15, 2005 and
5 non-dispositive as well as dispositive motions are due by February
6 15, 2006.  The answer in this case was filed on May 27, 2005.  The
7 declaration by Wraith says that, in addition to the Special
8 Interrogatories referenced above, he has noticed plaintiffs'
9 depositions for October 19, 2005 (although they may be pushed back
10 due to opposing counsel's schedule).  56(f) motions should be
11 granted liberally "unless the non-moving party has not diligently
12 pursued discovery of the evidence."  <u>Wichita Falls Office Assoc.</u>
13 <u>v. Banc One Corp.</u>, 978 F.2d 915, 919 n. 4 (5th Cir.1992).  Since
14 discovery does not close until December, the court cannot find that
15 the defendants have been dilatory in pursuing discovery.  The Ninth
16 Circuit has also held that denial of 56(f) motions is "especially
17 inappropriate where the material sought is also the subject of
18 outstanding discovery requests."  <u>VISA Intern. Service Ass'n</u>, 784
19 F.2d at 1475.  According to defendants, there are at least two
20 discovery requests outstanding.
21    Applying the liberal standard noted above, the court finds
22 that the defendants have complied with the requirements of Rule
23 56(f) and the motion is GRANTED.  Plaintiffs' motion for summary
24 judgment is thus DENIED without prejudice to renewal after the
25 close of discovery on December 15, 2005.  The cross-motion is
26 likewise DENIED without prejudice to renewal.  If plaintiffs wish

4

1  to object to this order, they must do so by September 20, 2005.
2       IT IS SO ORDERED.
3       DATED: September 14, 2005
4                                   /s/Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
5                                   SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT