**FILED**

FEB 23 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEVE CARLSON, TARA CARLSON,
and KAREN PEARSON,

        Plaintiffs,

    v.

MONACO COACH CORPORATION,

        Defendant.

_____/

NO. CIV. S-05-181 LKK/GGH

**PRETRIAL CONFERENCE ORDER**
**[TENTATIVE]**

Pursuant to court order, a Pretrial Conference was held in Chambers on February 12, 2007. TERRY L. BAKER appeared as counsel for plaintiffs; KEITH A. DAWSON appeared as counsel for defendant. Above-listed counsel are therefore designated as lead trial counsel. After hearing, the court makes the following findings and orders:

## I. JURISDICTION/VENUE

Jurisdiction is predicated upon 15 U.S.C. § 2301 and is undisputed, as is venue.

1

1        **II.   JURY/NON-JURY**

2        Both parties have requested a jury trial and this matter will

3   be tried to a jury.

4        **III.   UNDISPUTED FACTS**

5        1.  Plaintiffs executed Retail Installment Contract for a 2004

6   Monaco Dynasty motor home (the "Motor Home") from DeMartini RV

7   Sales in Grass Valley, California, on or about September 30, 2003.

8        2.   The terms and conditions typewritten on the Retail

9   Installment Contract are undisputed.

10       3.  Monaco is the manufacturer of the Motor Home.

11       4.  Monaco issued an express written warranty to the

12  Plaintiffs covering those portions of the Motor Home that it

13  manufactures.

14       5.  The manufacturers of various components in the Motor Home

15  issued separate express written warranties to the Plaintiffs.

16       6.  Subsequent to their purchase of the Motor Home, the

17  Plaintiffs complained that the Motor Home exhibited various defects

18  and non-conformities.

19       7.   The Plaintiffs delivered the Motor Home to Defendant

20  and/or Defendant's authorized repair facilities for repairs

21  pursuant to the applicable express warranties.

22       8.   The Plaintiffs were not satisfied with the repairs

23  performed pursuant to the applicable express warranties.

24       9.   The Plaintiffs demanded that Monaco replace the Motor

25  Home or refund the Plaintiffs' money.

26       10.  Monaco refused to replace the Motor Home or refund the

2

1  Plaintiffs' money.

2  **IV.  DISPUTED FACTS**

3  1.  Whether or not the Motor Home was sold in California.

4  2.  Whether or not the Motor Home exhibited defects or
5  nonconformities that substantially impaired the Motor Home's
6  use, value or safety.

7  3.  Whether or not the Defendant was able to conform the
8  Motor Home to the express warranty within a reasonable number of
9  attempts.

10  4.  Whether or not the Defendant breached the terms of the
11  limited warranty issued on the Motor Home.

12  5.  Whether or not the Motor Home was merchantable during
13  the applicable implied warranty period.

14  6.  Whether or not the Motor Home was delivered in
15  California.

16  7.  Whether or not the Plaintiffs paid California sales
17  tax in connection with their purchase of the Motor Home.

18  8.  Whether or not the Plaintiffs paid sales tax to any
19  state in connection with their purchase of the Motor Home.

20  9.  Whether or not the Motor Home exhibited defects in
21  materials and/or workmanship during the term of the Limited
22  Warranty.

23  10.  Whether or not Monaco or its authorized repair
24  facilities repaired any defects in materials and/or workmanship
25  during the term of the Limited Warranty.

26  11.  Whether or not Monaco abided by the terms and

3

1   conditions of its Limited Warranty.

2       12.   Whether or not the Plaintiffs' complaints concerning
3   the Motor Home were reasonable and justified.

4       13.   Whether the Plaintiffs' action or non-action prevented
5   Monaco from fulfilling or hindered its obligations under its
6   Limited Warranty.

7       14.   Whether or not the Plaintiffs' continued use of the
8   Motor Home is inconsistent with their claim for rescission.

9       **V.   NON-DISCOVERY MOTIONS TO THE COURT AND RESOLUTION**

10      a.   Plaintiffs' motion for summary judgment was denied
11  without prejudice pursuant to Fed. R. Civ. P. 56 (f), plaintiff
12  never refiled.

13      b.   Plaintiffs' motion for terminating sanctions was
14  granted in part and denied in part.  The court ordered lessor
15  sanctions.

16                  **VI.   DISPUTED EVIDENTIARY ISSUES**

17      The parties presently have no evidentiary issues, however,
18  they are granted a hearing on motions in limine, if any, which
19  will parallel the schedule for the motion to revive the Song-
20  Beverly cause of action.  Plaintiffs state that the Motor Home
21  is presently inoperable, but are willing to permit defendant to
22  render it operable and to have it conveyed to the site of the
23  trial for jury inspection.

24              **VII.   SPECIAL FACTUAL INFORMATION**

25      None.

26  ////

                                4

1                              **VIII.   RELIEF SOUGHT**

2        Plaintiffs seek to rescind their purchase price of the

3   Motor Home.   They also seek incidental and consequential

4   damages.

5                              **IX.   POINTS OF LAW**

6        The parties are to brief what law is applicable, whether it

7   is the Mag-Moss Act, California's Song-Beverly Consumer Warranty

8   Act or some other state's act.   The parties shall further brief

9   their view as to the effect of the law, the measure of damages,

10  and who bears the burden of proof and what is the burden of

11  proof.

12       ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY

13  ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME

14  IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

15                            **X.   ABANDONED ISSUES**

16       Plaintiffs dismissed the cause of action based on the Song-

17  Beverly Consumer Warranty Act.   Plaintiffs shall bring on a

18  motion to revive its cause of action under the Song-Beverly

19  Consumer Warranty Act within fifteen (15) days, defendant shall

20  respond within fourteen (14) days, and plaintiffs shall close

21  within seven (7) days.   The matter will be heard on April 9,

22  2007 at 10:00 a.m.

23                            **XI.   WITNESSES**

24       Plaintiff anticipates calling the following witnesses:

25       See attachment "A".

26       Defendant anticipates calling the following witnesses:

                                    5

1    <u>See</u> attachment "B".

2        Each party may call a witness designated by the other.

3        A.   No other witnesses will be permitted to testify
4    unless:

5             (1)   The party offering the witness demonstrates that
6    the witness is for the purpose of rebutting evidence which could
7    not be reasonably anticipated at the Pretrial Conference, or

8             (2)   The witness was discovered after the Pretrial
9    Conference and the proffering party makes the showing required
10   in "B" below.

11       B.   Upon the post-Pretrial discovery of witnesses, the
12   attorney shall promptly inform the court and opposing parties of
13   the existence of the unlisted witnesses so that the court may
14   consider at trial whether the witnesses shall be permitted to
15   testify.   The evidence will not be permitted unless:

16            (1)   The witnesses could not reasonably have been
17   discovered prior to Pretrial;

18            (2)   The court and opposing counsel were promptly
19   notified upon discovery of the witnesses;

20            (3)   If time permitted, counsel proffered the
21   witnesses for deposition;

22            (4)   If time did not permit, a reasonable summary of
23   the witnesses' testimony was provided opposing counsel.

24                **XII.   EXHIBITS, SCHEDULES AND SUMMARIES**

25       At present, plaintiff contemplates the following by way of
26   exhibits:   <u>See</u> attachment "C".

6

1    At present, defendant contemplates the following by way of
2  exhibits:  See attachment "D".

3    A.    No other exhibits will be permitted to be introduced
4  unless:

5         (1)   The party proffering the exhibit demonstrates
6  that the exhibit is for the purpose of rebutting evidence which
7  could not be reasonably anticipated at the Pretrial Conference,
8  or

9         (2)   The exhibit was discovered after the Pretrial
10 Conference and the proffering party makes the showing required
11 in paragraph "B," below.

12   B.    Upon the post-Pretrial discovery of exhibits, the
13 attorneys shall promptly inform the court and opposing counsel
14 of the existence of such exhibits so that the court may consider
15 at trial their admissibility.  The exhibits will not be received
16 unless the proffering party demonstrates:

17        (1)   The exhibits could not reasonably have been
18 discovered prior to Pretrial;

19        (2)   The court and counsel were promptly informed of
20 their existence;

21        (3)   Counsel forwarded a copy of the exhibit(s) (if
22 physically possible) to opposing counsel.  If the exhibit(s) may
23 not be copied, the proffering counsel must show that he has made
24 the exhibit(s) reasonably available for inspection by opposing
25 counsel.

26   As to each exhibit, each party is ordered to exchange

7

1  copies of the exhibit not later than fifteen (15) days from the
2  date of this Pretrial Order.  Each party is then granted ten
3  (10) days to file with the court and serve on opposing counsel
4  any objections to said exhibits.  In making said objections, the
5  party is to set forth the grounds for the objection.  As to each
6  exhibit which is not objected to, it shall be marked and
7  received into evidence and will require no further foundation.
8  Each exhibit which is objected to will be marked for
9  identification only.

10      In addition to electronically filing said objections, if
11  any, the objections must be submitted by email, as an attachment
12  in Word or WordPerfect format, to: arivas@caed.uscourts.gov.

13      The attorney for each party is directed to appear before
14  and present an original and one (1) copy of said exhibit to Ana
15  Rivas, Deputy Courtroom Clerk, not later than 10:30 a.m. on the
16  date set for trial.  All exhibits shall be submitted to the
17  court in binders.  Plaintiff's exhibits shall be listed
18  numerically.  Defendant's exhibits shall be listed
19  alphabetically.  The parties shall use the standard exhibit
20  stickers provided by the court:  pink for plaintiff and blue for
21  defendant.

22              **XIII.   DISCOVERY DOCUMENTS**

23      Plaintiffs intend to offer defendant's response to the
24  following discovery requests:

25      . Request for Admission No. 3

26      . Request for Admission No. 4

8

1   .   Request for Admission No. 5

2   .   Request for Admission No. 6

3   .   Request for Admission No. 7

4   .   Request for Admission No. 8

5   .   Request for Admission No. 9

6   .   Request for Admission No. 10

7   .   Request for Admission No. 11

8   .   Request for Admission No. 12

9   .   Request for Admission No. 13

10  .   Request for Admission No. 17

11  Defendant Monaco intends to offer plaintiff Steve Carlson's

12  discovery responses as follows:

13  .   Responses to Special Interrogatories Nos. 4, 5, 6 and

14  18, served by mail on October 3, 2005.

15  **XIV.   FURTHER DISCOVERY OR MOTIONS**

16  Except as to the motion relative to the revival of the

17  Song-Beverly cause of action, none.

18  **XV.   STIPULATIONS**

19  None.

20  **XVI.   AMENDMENTS/DISMISSALS**

21  Accept as provided above, none.

22  **XVII.   FURTHER TRIAL PREPARATION**

23  A.   Counsel are directed to Local Rule 16-285 regarding

24  the contents of and the time for filing trial briefs.

25  B.   Counsel are informed that the court has prepared a set

26  of standard jury instructions.  In general, they cover all

9

1 aspects of the trial except those relating to the specific
2 claims of the complaint. Accordingly, counsel need not prepare
3 instructions concerning matters within the scope of the prepared
4 instructions. A copy of the prepared instructions is given to
5 the parties at the Pretrial Conference.

6      B.   For all cases tried to the court, counsel are ordered
7 to file and serve Proposed Findings of Fact and Conclusions of
8 Law not later than ten (10) days prior to the first date of
9 trial.

10     C.   Counsel are further directed that their specific jury
11 instructions shall be filed fourteen (14) calendar days prior to
12 the date of trial. As to any instructions counsel desires to
13 offer, they shall be prepared in accordance with Local Rule 51-
14 163(b)(1) which provides:

15     "Two copies of the instructions shall be submitted.
16     One copy shall be electronically filed as a .pdf
17     document and shall contain each instruction on a
18     separate page, numbered and identified as to the party
19     presenting it. Each instruction shall cite the
20     decision, statute, ordinance, regulation or other
21     authority supporting the proposition stated in the
22     instruction."

23     The second copy ("jury copy") shall be submitted by e-mail
24 to lkkorders@caed.uscourts.gov.

25     **In addition, counsel shall provide copies of proposed forms**
26 **of verdict, including special verdict forms, at the time the**

1 **proposed jury instructions are filed with the court.**

2      D.   It is the duty of counsel to ensure that any
3 deposition which is to be used at trial has been filed with the
4 Clerk of the Court.  Counsel are cautioned that a failure to
5 discharge this duty may result in the court precluding use of
6 the deposition or imposition of such other sanctions as the
7 court deems appropriate.

8      E.   The parties are ordered to file with the court and
9 exchange between themselves not later than one (1) week before
10 the trial a statement designating portions of depositions
11 intended to be offered or read into evidence (except for
12 portions to be used only for impeachment or rebuttal).

13      F.   The parties are ordered to file with the court and
14 exchange between themselves not later than one (1) week before
15 trial the portions of answers to interrogatories which the
16 respective parties intend to offer or read into evidence at the
17 trial (except portions to be used only for impeachment or
18 rebuttal).

19      G.   The court has extensive audiovisual equipment
20 available.  Any counsel contemplating its use shall contact the
21 court's Telecommunications Manager, Andre Carrier, at (916) 930-
22 4223, at least two weeks in advance of trial to receive the
23 appropriate training.

24                **XVIII.   SETTLEMENT NEGOTIATIONS**

25      A Settlement Conference is **SET** before the Honorable Frank
26 C. Damrell, Jr. on March 23, 2007, at 2:30 p.m. Counsel are

11

1 directed to submit settlement conference statements to the
2 settlement judge **not later than seven (7) days prior to the**
3 **conference.** At counsel's option, such statements may be
4 submitted in confidence pursuant to Local Rule 16-270(d).

5 Each party is directed to have a principal capable of
6 disposition at the Settlement Conference or to be fully
7 authorized to settle the matter on any terms and at the
8 Settlement Conference.

9 **XIX.   AGREED STATEMENTS**
10 None.

11 **XX.   SEPARATE TRIAL OF ISSUES**
12 None.

13 **XXI.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS**
14 None.

15 **XXII.   ATTORNEYS' FEES**
16 Plaintiffs are entitled to attorneys' fees, costs and
17 expenses if they prevail. Attorneys' fees shall be handled by
18 motion to the court subsequent to the jury's return of a
19 verdict.

20 **XXIII.   MISCELLANEOUS**
21 None.

22 **XXIV.   ESTIMATE OF TRIAL TIME/TRIAL DATE**
23 Trial by jury is **SET** for May 8, 2007, at 10:30 a.m., in
24 Courtroom No. 4. The parties represent in good faith that the
25 trial will take approximately five (5) days.

26 Counsel are to call Ana Rivas, Courtroom Deputy, at (916)

12

1  930-4133, one week prior to trial to ascertain status of trial
2  date.

3  **XXV.  OBJECTIONS TO PRETRIAL ORDER**

4      Each party is granted fifteen (15) days to object to or
5  augment this Pretrial Order [Tentative].  Each party is also
6  granted five (5) days thereafter to respond to the other party's
7  objections.  If no objections or additions are made, the
8  Tentative Pretrial Order will become final without further order
9  of the court.

10     The parties are reminded that pursuant to Federal Rule of
11  Civil Procedure 16(e), this order shall control the subsequent
12  course of this action and shall be modified only to prevent
13  manifest injustice.

14  **XXVI.  OTHER**

15     All time limits and dates that refer to the Pretrial Order
16  refer to the date this Pretrial Order [Tentative] is filed and
17  not the date an amended order, if any, is filed.

18     IT IS SO ORDERED.

19     DATED: February 23, 2007.

20

21

22                          LAWRENCE K. KARLTON
                            SENIOR JUDGE
23                          UNITED STATES DISTRICT COURT

24

25

26

13

1  **MAKLER & BAKER LLP**
   TERRY L. BAKER  (SBN 214365)
2  226 E. Canon Perdido Street, Suite J
   Santa Barbara, CA 93101
3  Tel:    (805) 965-4651
   Fax:    (805) 965-4671
4

5

6

7

8              **UNITED STATES DISTRICT COURT**
               **FOR THE EASTERN DISTRICT OF CALIFORNIA**
9

10  STEVE CARLSON, TARA CARLSON,            Case No. 2:05-CV00181-LKK-GGH
    AND KAREN PEARSON,

11              Plaintiffs,               **PLAINTIFFS' WITNESS LIST**

12  vs.                                    Date:    February 12, 2007
                                           Time:    2:00 p.m.
13  MONACO COACH CORPORATION,              Dept:    24

14              Defendant.

15
        Plaintiffs intend to call all of the following witnesses to testify live at trial:
16

    Steve Carlson
17  Tara Carlson
    Karen Pearson
18  Jim Bolton
    Phil Collins
19  Bob Presson
    Paul Kellerman
20  Nathan Chapek
    Michael Williams
21  Michael Eidsmoc - expert
    Michael Pelletier - expert
22
    Dated:      February 2, 2007           **MAKLER & BAKER LLP**
23

24

25                                         /s/ Terry L. Baker
                                           TERRY L. BAKER
26                                         Attorneys for Plaintiffs

27

28                         ATTACHMENT "A"

1  Keith A. Dawson, Bar No. 074310
   DAWSON & DAWSON,
2  A Professional Corporation
   2660 East Coast Highway
3  Corona Del Mar, CA 92625
   (949) 720-9414
4

5  Attorneys for Defendant
   Monaco Coach Corporation
6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  STEVE CARLSON, TARA CARLSON, )     Case No. 2:05-cv00181-LKK-GGH
    AND KAREN PEARSON,           )
12                               )     DEFENDANT'S WITNESS LIST
                    Plaintiffs   )
13  v.                           )
                                 )
14                               )     Pretrial Conference
    MONACO COACH CORPORATION,    )
15                               )     Date: February 12, 2007
                    Defendant.   )     Time: 2:00 p.m.
16                               )     Ctrm: 4
                                 )
17  _____  )

18

19      **PLEASE TAKE NOTICE** that defendant MONACO COACH CORPORATION

20  intends to call the following witnesses to testify at trial:

21  1. Steve Carlson

22  2. Tara Carlson

23  3. Karen Pearson

24  4. Jon DeMartini

25  5. Mike Babbit

26  6. Dave Gibson

27  7. Andy Squire

28  8. Dean Ingraham

                        *ATTACHMENT "B"*

1 | 9. Curt Miller
2 | 10. Ben Miller
3 | 12. Steve Wilson
4 | 13. Cyndi Edgett
5 | 14. Michael Williams
6 | 15. Bobby R. Presson - Expert
7 | 16. Phillip R. Collins - Expert
8 | Dated: February 5, 2007       DAWSON & DAWSON,
                                   A Professional Corporation
9 |
10 |
11 |                                 S/Keith A. Dawson
12 |                                 Keith A. Dawson, Attorneys
                                 for Defendant Monaco Coach
13 |                                 Corporation
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

**DEFENDANT'S WITNESS LIST**

1 │ **MAKLER & BAKER LLP**
   │ TERRY L. BAKER   (SBN 214365)
2 │ 226 E. Canon Perdido Street, Suite J
   │ Santa Barbara, CA 93101
3 │ Tel:   (805) 965-4651
   │ Fax:   (805) 965-4671
4

5

6

7

8 │ **UNITED STATES DISTRICT COURT**
   │ **FOR THE EASTERN DISTRICT OF CALIFORNIA**
9

10 │ STEVE CARLSON, TARA CARLSON,          Case No. 2:05-CV00181-LKK-GGH
    │ AND KAREN PEARSON,

11 │                 Plaintiffs,          **PLAINTIFFS' EXHIBIT LIST**

12 │ vs.                                  Date:    February 12, 2007
    │                                      Time:    2:00 p.m.
13 │ MONACO COACH CORPORATION,            Dept:    24

14 │                 Defendant.

15

16 │ Plaintiffs intend to call all of the following witnesses to testify live at trial:

17 │ 1.    Retail Installment Sales Contract
    │ 2.    2004 Dynasty Owner's Manual
    │ 3.    Bank of America Proof of Payment Document
18 │ 4.    Progressive Insurance Documents
    │ 5.    Invoice from CMI-TECO
19 │ 6.    Invoice from Smith RV Sales & Service
    │ 7.    Invoice from S&D Diesel Injection Service
20 │ 8.    Invoice from Tipton's RV Repair
    │ 9.    Monaco Coach Dealer Acceptance Form
21 │ 10.   Alignment Reading Sheet
    │ 11.   Invoice from Sacramento Truck Center dated 12/31/03
22 │ 12.   Invoice from Sacramento Truck Center dated 01/14/04
    │ 13.   Vehicle Repair History dated 02/02/04
23 │ 14.   Vehicle Repair History dated 04/14/04
    │ 15.   Work-Up Request Form dated 02/02/04
24 │ 16.   Correspondence from Paul Kellerman dated 11/14/03
    │ 17.   Correspondence from Michael Williams dated 01/28/04 with attachments
25 │ 18.   Correspondence from Paul Kellerman dated 01/30/04
    │ 19.   Correspondence from Michael Williams dated 02/09/04
26 │ 20.   Correspondence from Nathan Chapek dated 02/24/04
    │ 21.   Correspondence from Michael Williams dated 02/27/004
27 │ 22.   Invoice RO# 80047127
    │ 23.   Technician Notes Re: Invoice RO #80047127
28 │ 24.   Repair Order 80065520
    │ 25.   Receipt for $95,000.00 payment

*ATTACHMENT "C"*

1   26.   Summary of Payments on Coach
    27.   Invoice RO# 80065520
2   28.   Handwritten notes on First Franklin letterhead
    29.   Southwest Airlines Ticketless Travel Receipt
3   30.   Vehicle Registration Renewal Notice
    31.   Correspondence from Keith Dawson dated 01/24/05
4   32.   Handwritten notes made by plaintiffs
    33.   Various receipts for items purchased for motor home
5   34.   Compact Disc containing photographs of the motor home

6
    Dated:      February 2, 2007                    MAKLER & BAKER LLP
7

8

9                                                  /s/ Terry L. Baker
                                                   TERRY L. BAKER
10                                                 Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Keith A. Dawson, Bar No. 074310
DAWSON & DAWSON,
2 | A Professional Corporation
2660 East Coast Highway
3 | Corona Del Mar, CA 92625
(949) 720-9414
4

5 | Attorneys for Defendant
Monaco Coach Corporation
6

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10

11 | STEVE CARLSON, TARA CARLSON, )   Case No. 2:05-cv00181-LKK-GGH
AND KAREN PEARSON, )
12 | ) **DEFENDANT'S EXHIBIT LIST**
| Plaintiffs )
13 | v. )
| )
14 | ) **Pretrial Conference**
| MONACO COACH CORPORATION, )
15 | ) Date: February 12, 2007
| Defendant. ) Time: 2:00 p.m.
16 | ) Ctrm: 4
| )
17 | _____ )

18

19 | **PLEASE TAKE NOTICE** that defendant MONACO COACH CORPORATION

20 | intends to offer the following documents and demonstrative

21 | evidence at trial:

22 | **A.** Monaco Coach Corporation Limited Warranty

23 | **B.** RoadMaster Limited Warranty

24 | **C.** Cummins Limited Warranty

25 | **D.** Allison Transmission Limited Warranty

26 | **E.** Notice to Seller and Purchaser

27 | **F.** Statement of Delivery Outside California

28 | **G.** Nathan Chapek's handwritten notes

*ATTACHMENT "D"*
1

1    **H.**  Letter from Michael R. Williams to Keith A. Dawson dated
        September 1, 2004

2

3    **I.**  Letter from Keith A. Dawson to Michael R. Williams dated
        September 7, 2004

4    **J.**  Letter from Michael R. Williams to Keith A. Dawson dated
        October 8, 2004 with enclosures

5

6    **K.**  Letter from Keith A. Dawson to Michael R. Williams dated
        October 11, 2004

7    **L.**  Letter from Michael R. Williams to Keith A. Dawson dated
        October 14, 2004

8

9    **M.**  Letter from Keith A. Dawson to Michael R. Williams dated
        October 19, 2004

10  **N.**  Letter from Michael R. Williams to Keith A. Dawson dated
        October 26, 2004

11

12  **L.**  Letter from Keith A. Dawson to Michael R. Williams dated
        November 5, 2004

13

14  **O.**  Letter from Michael R. Williams to Keith A. Dawson dated
        November 10, 2004

15  **P.**  Letter from Michael R. Williams to Keith A. Dawson dated
        December 3, 2004 with enclosures

16

17  **Q.**  Letter from Keith A. Dawson to Michael R. Williams dated
        December 3, 2004

18  **R.**  Letter from Keith A. Dawson to Michael R. Williams dated
        December 6, 2004

19

20  **S.**  Letter from Keith A. Dawson to Michael R. Williams dated
        December 28, 2004

21  **T.**  Letter from Michael R. Williams to Keith A. Dawson dated
        January 3, 2005

22

23  **U.**  Letter from Keith A. Dawson to Michael R. Williams dated
        January 5, 2005

24  **V.**  Letter from Michael R. Williams to Keith A. Dawson dated
        January 6, 2005

25

26  **X.**  Letter from Keith A. Dawson to Michael R. Williams dated
        January 10, 2005

27  **Y.**  Letter from Terry Baker to Keith A. Dawson dated January
        12, 2005

28

**DEFENDANT'S EXHIBIT LIST**

1   Z.

2   **2-A**

3   **2-B**

4   **2-C**

5   **2-D**

6   **2-E**

7   **2-F**

8   **2-G**

9   **2-H**

10  **2-I**

11

12  Dated: February 5, 2007                    DAWSON & DAWSON,
                                               A Professional Corporation
13

14

15                                                  S/Keith A. Dawson
16                                             Keith A. Dawson, Attorneys
                                               for Defendant Monaco Coach
17                                             Corporation

18

19

20

21

22

23

24

25

26

27

28

3
DEFENDANT'S EXHIBIT LIST