UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEVE CARLSON; TARA CARLSON; and KAREN PEARSON,

        Plaintiffs,

  v.

MONACO COACH CORPORATION,

        Defendant.
_____/

NO. CIV. S-05-181 LKK/GGH

O R D E R

    Plaintiffs, Steve and Tara Carlson and Karen Pearson, bring a breach of warranty suit against Monaco Coach Corporation (defendant). Plaintiffs' complaint arises from a sales transaction in which defendant sold plaintiffs a 2004 Dynasty recreational vehicle ("vehicle"), which was manufactured and warranted by defendant.

    Although suit was filed in 2005, there has been no substantive law and motion practice. A pretrial conference was held on February 12, 2007 and a pretrial order was issued on March 21,

1

2007. At the pretrial conference, plaintiffs requested and were granted leave to file a motion to revive their claim pursuant to the California Song-Beverly Act. That motion is now pending before the court.

## I.

## BACKGROUND

**A.  Relevant Factual Allegations**

On September 29, 2003 plaintiffs entered into a sales contract with DeMartini's RV Sales (seller) for the purchase of a recreational vehicle. The contract was executed in Grass Valley, California, for a total price of $356,416.00. The contract provided that "seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you." See Contract, Ex. A of Tara Carlson Decl. Plaintiffs made a down payment of $145,000.000 to seller in California on September 30, 2003. Also on September 30, plaintiffs and the seller signed a warranty registration form which documented that plaintiffs had inspected and accepted the vehicle. See Warranty Registration Form, Ex. D of Carlson Decl. Plaintiffs allege that on that day they agreed to return on October 7, 2003 to have the vehicle transported out of state for delivery. Carlson Decl. ¶ 7. Defendant issued a limited express warranty and started the warranty on September 30, 2004 at 675 miles in Grass Valley. Defendant's internal records reflect the "customer purchase date" as September 30, 2003. Owner Information Sheet, Ex. A of Baker Decl.

On October 7, 2003, plaintiff Steve Carlson returned to the

seller's lot to ride with the seller to Nevada to consummate the out of state delivery. Plaintiffs aver that the purpose of the out of state delivery was to forego paying California sales tax.

Defendant points out that plaintiffs signed two documents required by the California Board of Equalization ("BOE") where in they certified that the vehicle was to be delivered to them in Nevada. See Exs. B & C of DeMartini Decl.

**B.   Procedural History**

Plaintiffs filed suit on January 27, 2005 alleging violations of the Song-Beverly Consumer Warrant Act and the Magnuson-Moss Federal Trade Commission Act. There was no law and motion practice in this case. Trial is set for August 7, 2007.

On January 4, 2006 the California Court of Appeal, Second Appellate District issued an order in Davis v. Newmar, 136 Cal. App. 4th 275 (2006). Plaintiffs read this case as stating that for purposes of the Song-Beverly Act, title to a vehicle passes upon delivery. Plaintiffs believed themselves bound by the Davis decision and voluntarily dismissed the Song-Beverly claim on October 5, 2006. Plaintiffs aver, and defendant does not dispute, that discovery was completed prior to plaintiffs dismissing the Song-Beverly claim. In other words, discovery was conducted while the Song-Beverly claim was still part of the case.

On January 17, 2007 the United States District Court for the Central District of California issued a decision in Gusse v. Damon

Corporation, 470 F. Supp. 2d 1110 (C.D. Cal. 2007).[1] Plaintiffs assert that the Gusse decision suggested that plaintiffs in fact could state a claim under the Song-Beverly Act. Accordingly, plaintiffs seek permission to "revive" this claim prior to trial.

## II.

## ANALYSIS[2]

**A.  Applicable Law**

The Song-Beverly Consumer Warranty Act ("Song-Beverly Act") applies to warranties given for many types of consumer goods in addition to automobiles and is often referred to as California's "lemon law." Cal. Civ. Code § 1794, et seq.  It also regulates express warranties, including service contracts, covering consumer goods. Cal. Civ. Code § 1794, et seq. See also National R.V., Inc. v. Foreman, 34 Cal. App. 4th 1072, 1077 (1995) ("Enacted in 1970 to improve the lot of consumers who purchase defective products,

---

[1] On February 14, 2007, the same judge who issued the decision in Gusse, issued a decision in Gaynor v. Western Recreational Vehicles Inc., 473 F. Supp. 2d 1060 (C.D. Cal. 2007). The facts and holding are, in essence, identical to those at issue Gusse.

[2] It is worth noting at the outset that plaintiffs fail to set forth any legal basis to bring the pending motion. Neither the Federal Rules nor case law provide for "motions to revive" and accordingly, the procedural position of this motion is not clear. In many respects, the motion could be construed as a motion to amend under Rule 16: a pretrial order has issued and plaintiffs are attempting to amend their complaint to add a claim. That said, neither party has briefed the issue of what standard, if any, the court should apply in adjudicating this motion. Given that defendant does not challenge plaintiffs' procedural position, the court will proceed to adjudicate the dispute as framed by the parties, namely, whether the sale transpired in California or Nevada, and thus whether plaintiffs can bring a claim under California's Song-Beverly Act.

4

the Act contains substantive regulations of warranty terms, disclosure requirements and strengthened consumer remedies.")

Application of the Song-Beverly Act is expressly limited to goods sold in California. See Cal. Civ. Code §§ 1792, 1792.1, 1792.2, 1793.3, 1793.6. See also Cummins, Inc. v. Superior Ct., 36 Cal.4th 478(2005) (Song-Beverly Act did not apply to motorhome sold in Idaho and subsequently brought into California); Davis v. Newmar Corp., 136 Cal. App.4th 275, 278(2006) (Song-Beverly Act did not apply to sale of motorhome negotiated in California where contract required delivery in Arizona); Cal. State Elecs. Ass'n v. Zeos Int'l Ltd., 41 Cal. App.4th 1270, 1278 (1996) (Song-Beverly Act did not apply to goods shipped from seller in Minnesota to buyer in California).

Under the Act, "sale" means "(1) the passing of title from the seller to the buyer for a price, or (2) a consignment for sale." Cal. Civ. Code § 1791(n). The California Commercial Code governs how to interpret when title passes under the Song-Beverly Act. See Zeos Internat. Ltd., 41 Cal. App. 4th at 1276.

The California Commercial Code provides that:

> Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods ....
>
> (a) If the contract requires or authorizes the seller to send the goods to the buyer but does not require him to deliver them at destination, title passes to the buyer at the time and place of shipment; but
>
> (b) If the contract requires delivery at destination, title passes on tender there.

5

1  Cal. Com. Code § 2401(2). "Thus, when the parties agree to
2  or contemplate shipment by the seller, title passes to the buyer
3  upon that shipment, unless the agreement specifically requires the
4  seller to make delivery at the destination." Zeos Internat. Ltd.,
5  41 Cal. App. 4th at 1277. Shipment contracts are the presumptive
6  form in California. Wilson v. Brawn of California, Inc., 132 Cal.
7  App. 4th 549, 556 (2005); Zeos, 41 Cal. App. 4th at 1277.

**B.     Whether the Title Transferred in California or Nevada**

9  The dispositive issue in the case at bar is whether title
10 passed in California, as plaintiffs argue, or in Nevada, as
11 defendant argues. For the reasons discussed herein, the court
12 finds that title passed in California and therefore, plaintiffs may
13 assert a claim under the Song-Beverly Act.

14 Analysis is guided by two cases, Davis v. Newmar, 136 Cal.
15 App. 4th 275(2006), and Gusse v. Damon Corp., 470 F. Supp. 2d 1110
16 (C.D. Cal. 2007). In Davis, the Court of Appeal for the Second
17 District held that for purposes of the Song-Beverly Act, title
18 passed upon delivery. The buyer had purchased the motorhome in
19 California and it was delivered to Nevada. However, unlike the
20 case at bar, one of the terms of the sales contract was that the
21 motorhome be delivered to the buyer in Nevada. 136 Cal. App 4th
22 at 276.

23 In Gusse, the Central District was faced with facts that are
24 virtually identical to the facts in the case at bar. Specifically,
25 the sales contract was executed in California and, like the
26 contract in the case at bar, provided that "seller agrees to

6

deliver the vehicle to you on the date this contract is signed by Seller and you." Gusse, 470 F. Supp. at 1112. Also, in Gusse, as here, the parties executed two DMV forms which provided that the motorhome would be delivered out of state. Like plaintiffs here, the plaintiffs in Gusse were attempting to avoid paying California sales tax. Several days after the sales contract was signed, the plaintiffs in Gusse directed a third party to drive the motorhome to Arizona.

The Central District reasoned that since the sales contract contained no provision promising out of state delivery, the contract should be viewed as a "shipment contract":

> The Court therefore finds that the contract is one which required or authorized La Mesa RV to transport the Motorhome, but did not require delivery at the destination. Accordingly, title passed to Gusse at the time and place of shipment.

Gusse, 470 F. Supp. 2d at 1114.

This court is bound by neither decision, however, the reasoning of the Central District's decision is persuasive and the facts are analogous to the facts in the case at bar. Here, it is undisputed that the contract was executed in California and that the contract provided that "seller agrees to deliver the vehicle to you on the date this contract is signed by the Seller and you." Ex. A of Carlson Decl. The contract was signed on September 29, 2003 and plaintiffs made a down payment of $145,000.00 on September 30, 2003. Also, as in Gusse, there were other documents which established that the vehicle was sold on September 29 and title passed at that time. For example, the Bill of Sale specifically

7

1  lists the sale date as "9/29/03." Ex. C, Carlson Decl. Similarly,
2  on September 30, 2003, plaintiffs signed a Monaco Motorized
3  Warranty Registration form which documented that they had inspected
4  and accepted the vehicle. The form also listed the retail delivery
5  date as September 30, 2003. Ex. D, Carlson Decl. Even by
6  defendant's own records, the sale of the motorhome transpired on
7  September 30, 2003. See Ex. A Baker Decl.

8  Under the California Commercial Code, this contract is a
9  shipment contract as it "requires or authorizes the seller to send
10 the goods to the buyer but does not require him to deliver them at
11 destination," accordingly, "title passes to the buyer at the time
12 and place of shipment . . ." Cal. Com. Code § 2401(2). See also
13 Zeos, 41 Cal. App. 4th at 1278 (Song-Beverly Act did not apply to
14 goods shipped by Minnesota retailer to buyer in California because
15 title passed in Minnesota upon shipment).

16 Just as in Gusse, here, the sale agreement was signed in
17 California, even though it is also clear that the parties intended
18 for the motorhome to be transported to Nevada so as to avoid
19 California sales tax. "The fact that the parties may have agreed
20 to transport the motorhome to [Nevada] for tax purposes does not
21 . . . necessarily create a delivery contract." Gusse, at 1114.
22 Here, as in Gusse, the contract does not provide for delivery to
23 a specific location and does not require that the vehicle be
24 accepted in Nevada. To the contrary, plaintiffs accepted and
25 signed for the vehicle in California.

26 These facts also make the case at bar distinguishable from the

8

facts in Davis. In Davis, the contract specifically provided for delivery at a predesignated location. Accordingly, the contract in Davis was construed as a "delivery contract." See Davis, 136 Cal. App. 4th at 276. Here, delivery in Nevada was not a contract term. See also Gusse, at 1114 n. 5. (distinguishing Davis for the same reasons).

Defendant in the case at bar raises the same argument raised by the defendant in Gusse, namely, that plaintiffs' avoiding California Sales tax is evidence that the sale did not take place in California. In other words, defendant maintains that plaintiffs want the benefits of California law without having to pay California taxes. The Gusse court squarely addressed this very argument:

> The flaw in [defendant's] argument is that protection under the Song-Beverly Act and exemption from California sales tax are not mutually exclusive. The Song-Beverly Act requires that title to the goods pass in California . . . However, a sale is exempt from sales tax if the contract of sale requires the goods to be shipped to a point not in California, and the goods are actually shipped out of the state . . . As used in Section 6396 of the Tax and Revenue Code, " 'delivery' is not synonymous with 'passage of title' to the goods (although the two may occur at the same time). Rather, it is a term of art denoting the point at which ownership is transferred, and the goods are no longer property of the seller." . . . Thus, a consumer good that is sold and shipped from California to another state pursuant to a shipment contract is "sold in California" for purposes of the Song-Beverly Act, but is exempt from California sales tax.

Gusse, at 1115 (internal citations omitted). As the Gusse court explains, this situation must be very common as internet sales increase:

9

> For example, imagine a buyer who orders a box of widgets from a California retailer, to be shipped to an address in Arizona. The retailer delivers the widgets to its parcel carrier of choice, who in turn ships the widgets to the buyer in Arizona. Title to the widgets would pass in California upon shipment, and the Song-Beverly Act would apply. See Cal. Com. Code § 2401(2)(a); cf. Zeos, 41 Cal. App.4th at 1278. However, because the retailer delivered the widgets to a carrier for shipment to Arizona as required by the contract, and the widgets were actually delivered in Arizona, the sale is exempt from California sales tax.

Gusse, at 1115 n. 7. The reasoning of the Gusse decision applies with equal force here.

In the case at bar, defendant fails to present a compelling reason as to why plaintiffs should not be entitled to revive their claim under the Song-Beverly Act. The contract at issue was clearly a shipment contract and title passed at the time the contract was signed. Accordingly, plaintiffs may raise a claim under California's Song-Beverly Act.

Defendant's sole argument is that plaintiffs should not be entitled to obtain the benefit of tax exemption and the benefits of the Song-Beverly Act. This argument, while compelling, is legally unsound. Defendant argues that Gusse was wrongly decided but fails to cite any case law in support of its position.

Defendant does not argue that it will be prejudiced by the revival of plaintiffs' Song-Beverly Act. Plaintiffs aver, and defendant does not dispute, that discovery was conducted while the Song-Beverly claim was part of the suit and accordingly, defendant will not be prejudiced or harmed by having the claim reinstated at this point in time.

10

For these reasons, the court orders as follows:

1. Plaintiffs' Motion to Revive the Song-Beverly Claim is GRANTED.

IT IS SO ORDERED.

DATED: May 8, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT